IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARIO SCOTT, ) | |
| ) | |
| Plaintiff, ) | 4:04cv3346 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| NEBRASKA DEPARTMENT OF ) | |
| CORRECTIONAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on filing no. 27, the defendants' Motion for Summary Judgment. The plaintiff, Dario Scott, previously a prisoner in the custody of the Nebraska Department of Correctional Services ("DCS"), asserts federal civil rights claims pursuant to 42 U.S.C. § 1983 against DCS and three employees of DCS. The plaintiff alleges that one of those employees, the food service manager in the kitchen of the Nebraska State Penitentiary ("NSP") where the plaintiff worked, used racially derogatory language against the plaintiff. After the plaintiff complained, he was transferred to another job.

In their Motion for Summary Judgment, the defendants assert that the plaintiff failed to complete exhaustion of his administrative remedies before filing this lawsuit. As previously explained in the Order on Initial Review in this case, 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not *complete* the available grievance procedures as to all claims before filing suit, the plaintiff's claims may be subject to dismissal without prejudice.

While the plaintiff exhausted his administrative remedies concerning the racially derogatory language, he did not submit a grievance concerning the change in his job

1

status.

Completion of the grievance process is necessary even after a plaintiff has suffered harm and even when the grievance is too late to prevent harm. Thomas v. Woolum, 337 F.3d 720, 733-35 (6th Cir. 2003). Thus, exhaustion of administrative remedies is required even when a prisoner believes, perhaps even with reason, that filing grievances will lead to no relief. If multiple claims are asserted in court, and any claim was not fully exhausted before the plaintiff filed a lawsuit, all claims must be dismissed. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). "[I]n considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory." Id. Accord Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000) (*per curiam*). See also Kozohorsky v. Harmon, 332 F.3d 1141, 1143 (8th Cir. 2003) (same, but allowing the plaintiff to amend his complaint to drop all unexhausted claims).

The plaintiff has not responded to the Motion for Summary Judgment. Therefore, the defendants' allegations and evidence regarding the plaintiff's failure to complete exhaustion of administrative remedies stand uncontradicted. On the basis of the record and 42 U.S.C. § 1997e(a) of the PLRA, filing no. 27, the defendants' Motion for Summary Judgment is granted.[1] Judgment will be entered accordingly.

SO ORDERED.

January 24, 2006.                    BY THE COURT:

/s *Richard G. Kopf*
United States District Judge

---

[1] A dismissal pursuant to 42 U.S.C. § 1997e(a) is without prejudice. Castano v. Nebraska Dept. of Corrections, 201 F.3d 1023, 1025 (8th Cir.), cert. denied, 531 U.S. 913 (2000).

2